UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

                                               X

THE NEW YORK TIMES COMPANY       :
and CHARLIE SAVAGE,

                                     :

                   Plaintiffs,

                                   :          **COMPLAINT**

              - against -            :

U.S. DEPARTMENT OF JUSTICE,       :

                      Defendant.     :

                                   :

_____X

Plaintiffs THE NEW YORK TIMES COMPANY and CHARLIE SAVAGE, by their

undersigned attorney, allege for their Complaint:

        1.     This is an action under the Freedom of Information Act ("FOIA"), 5

U.S.C. § 552, to obtain an order for the production of agency records from Defendant in response

to a FOIA request properly made by Plaintiffs.

        2.     The Office of Legal Counsel ("OLC") is a component of Defendant

Department of Justice ("DOJ") that serves several functions within DOJ.

        3.     One of its duties is to review all executive orders for form and legality.

*See* 28 C.F.R. § 0.25(b).

        4.     Another of OLC's duties is to review legal questions raised by other parts

of the executive branch. *See id.* § 0.25(a).

        5.     The FOIA request at issue in this action seeks records related to OLC

reviews of: (1) executive orders proposed by the transition team or administration of President

#61417v1

Donald Trump and (2) other proposed matters raised by the Trump transition team or Trump administration.

6.      DOJ has failed to respond to the request in 20 business days, as required under FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(i).

## PARTIES

7.      Plaintiff The New York Times Company publishes *The New York Times* newspaper and www.nytimes.com.  The New York Times Company is headquartered in this judicial district at 620 Eighth Avenue, in Manhattan.

8.      Plaintiff Charlie Savage is a reporter for *The New York Times* and an employee of The New York Times Company.

9.      Defendant DOJ is an agency of the federal government that has possession and control of the records that Plaintiffs seek.

## JURISDICTION AND VENUE

10.      This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

11.      Venue is premised on the place of business of Plaintiffs and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

12.      Plaintiffs have exhausted all administrative remedies available. DOJ has failed to make an initial determination with respect to Plaintiffs' request within the timeframe set by FOIA, and Plaintiffs therefore are deemed to have exhausted all administrative remedies, pursuant to 5 U.S.C. § 552(a)(6)(C).

#61417v1

## FACTS

13.     The records sought by the FOIA request underlying this action relate to Plaintiffs' ongoing reporting on the operation of OLC and the early days of the Trump administration.

14.     On January 28, 2017, Plaintiffs submitted a FOIA request to DOJ, seeking two categories of OLC records.

15.     *First*, the FOIA request seeks "all e-mails, memos, and other documents related to . . . [OLC] review of proposed Trump administration executive orders for form and legality, including during the transition period."

16.     *Second*, the FOIA request seeks "all e-mails, memos, and other documents related to . . . [OLC] review of other proposed Trump White House matters, including during the transition period, including but not limited to whether the appointment of Jared Kushner to a White House role would violate anti-nepotism laws and whether the president's ongoing business operations would violate the emoluments clause of the Constitution."

17.     DOJ acknowledged receipt of Plaintiffs' FOIA request on February 27, 2017.

18.     DOJ has failed to issue a response to the request within 20 business days, as required under FOIA.

## COUNT I

19.     Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

3

#61417v1

20.     Defendant DOJ is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

21.     DOJ has failed to act on Plaintiffs' request within the 20 business days required by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(i).  Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

22.     DOJ has no lawful basis for declining to release the records requested by Plaintiffs under FOIA.

23.     Accordingly, Plaintiffs are entitled to an order compelling DOJ to produce records responsive to their FOIA request.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

24.     Declare that the documents sought by their FOIA request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

25.     Order DOJ to provide the requested documents to Plaintiffs within 20 business days of the Court's order;

26.     Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

27.     Grant Plaintiffs such other and further relief as this Court deems just and proper.

#61417v1

Dated:  New York, NY
       March 16, 2017

                  _____/s/_____
                  David E. McCraw, Esq.
                  Legal Department
                  The New York Times Company
                  620 8th Avenue, 18th Floor
                  New York, NY 10018
                  phone: (212) 556-4031
                  fax: (212) 556-1009
                  e-mail: mccrad@nytimes.com
                  *Counsel for Plaintiffs*

#61417v1